

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, NJ 07102*

GSG/PL AGR

February 18, 2014

Nicholas M. Wooldridge Esq.
Law Offices of Bukh & Associates P.L.L.C.
1123 Ave Z, Brooklyn, NY 11235

       Re:  <u>Plea Agreement with Aleksi Kolarov</u>

Dear Mr. Woolridge:

       This letter sets forth the plea agreement between your client, Aleksi Kolarov, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will remain open until January 30, 2014.

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Aleksi Kolarov to Count One of the Indictment, 04 Cr. 786 (WJM), that charges that Aleksi Kolarov conspired to commit identity theft contrary to 18 U.S.C. § 1028 and engage in access device fraud contrary to 18 U.S.C. § 1029, in violation of 18 U.S.C. § 371. If Aleksi Kolarov enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Aleksi Kolarov for his involvement in a conspiracy spanning from the time period of August 2002 through October 2004, where the Kolarov and his coconspirators traded stolen identity and payment information over the website Shadowcrew. In addition, if Aleksi Kolarov fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 49 and 58 of the Indictment, Crim. No. 04-786, against Aleksi Kolarov. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Aleksi Kolarov agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Aleksi Kolarov may be commenced against him, notwithstanding the expiration of the limitations period after Aleksi Kolarov signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Aleksi Kolarov agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Aleksi Kolarov is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Aleksi Kolarov ultimately will receive.

Further, in addition to imposing any other penalty on Aleksi Kolarov, the sentencing judge: (1) will order Aleksi Kolarov to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Aleksi Kolarov to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order Aleksi Kolarov, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Aleksi Kolarov to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Aleksi Kolarov be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Aleksi Kolarov may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Aleksi Kolarov agrees to make full restitution for all losses from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Aleksi Kolarov by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the

sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Aleksi Kolarov's activities and relevant conduct with respect to this case.

Stipulations

This Office and Aleksi Kolarov agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Aleksi Kolarov from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Aleksi Kolarov waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Defendant Aleksi Kolarov agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Aleksi Kolarov will consent to the entry of a forfeiture money judgment in the amount of $100,00 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the $100,000 is subject to forfeiture as (1) property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense; and (2) any property, real or personal, involved in a money laundering offense or any property traceable to such property within the meaning of 18 U.S.C. § 981(a)(1).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Aleksi Kolarov shall cause said check to be hand-delivered to the Asset Forfeiture

- 3 -

and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Aleksi Kolarov enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if defendant Aleksi Kolarov fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Aleksi Kolarov consents to the forfeiture of any other property alleged to be subject to forfeiture in the Indictment, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Aleksi Kolarov further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Aleksi Kolarov agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Aleksi Kolarov understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Aleksi Kolarov hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Aleksi Kolarov understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Aleksi Kolarov understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Aleksi Kolarov wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Aleksi Kolarov understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Aleksi Kolarov waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Aleksi Kolarov. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Aleksi Kolarov.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Aleksi Kolarov and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: DANIEL SHAPIRO
Assistant U.S. Attorney

APPROVED:

EREZ LIEBERMANN
Deputy Chief, Criminal Division

       I have received this letter from my attorney, Nicholas Woolridge, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 2-20-14
Aleksi Kolarov


       I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 2-26-14
Nicholas M. Wooldridge Esq.

Plea Agreement With ALEKSI KOLAROV

Schedule A

1. This Office and ALEKSI KOLAROV recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and ALEKSI KOLAROV nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence ALEKSI KOLAROV within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and ALEKSI KOLAROV further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

3. The applicable guideline for Count One is U.S.S.G. § 2B1.1(a)(1). This guideline carries a Base Offense Level of 6.

4. Specific Offense Characteristic § 2B1.1(b)(1)(E) applies, because the loss is at least $70,000 but not more than $120,000. This results in an increase of 8 levels.

5. Specific Offense Characteristic § 2B1.1(b)(2)(B) applies, because the offense involved over 50, but less than 250 victims. This results in an increase of 4 levels.

6. Specific Offense Characteristic § 2B1.1(b)(10)(B) applies, because a substantial part of the offense was committed from outside the United States. This results in an increase of 2 levels.

7. Specific Offense Characteristic § 2B1.1(b)(11)(B)(i) applies, because the offense involved the trafficking in authorized access devices. This results in an increase of 2 levels.

8. As of the date of this letter, ALEKSI KOLAROV has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if ALEKSI KOLAROV's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, ALEKSI KOLAROV has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in ALEKSI KOLAROV's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) ALEKSI KOLAROV enters a plea pursuant to this agreement, (b) this Office in its discretion determines that ALEKSI

KOLAROV's acceptance of responsibility has continued through the date of sentencing and ALEKSI KOLAROV therefore qualifies for a 2 point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) ALEKSI KOLAROV's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. 10 In accordance with the above, the parties agree that the total Guidelines offense level applicable to ALEKSI KOLAROV is 19 (the "Agreed total Guidelines offense level").

8. 11 The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

9. 12 ALEKSI KOLAROV knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. 13 Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.